KM

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Francis William Allison,

    Plaintiff,

v.

Derek Burnette, et al.,

    Defendants.

No.    CV-25-00653-PHX-JAT (MTM)

**ORDER**

Self-represented Plaintiff Francis William Allison, who is confined in the Red Rock Correctional Center, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2).  The Court will dismiss the Complaint with leave to amend.

**I.    Application to Proceed In Forma Pauperis and Filing Fee**

The Court will grant Plaintiff's Application to Proceed In Forma Pauperis.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  The Court will assess an initial partial filing fee of $79.58.  The remainder of the fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

. . . .

. . . .

JDDL-K

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe [self-represented litigant's] filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a self-represented prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a self-represented litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).  The Court will dismiss Plaintiff's Complaint for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

**III.     Complaint**

In his three-count Complaint, Plaintiff sues CoreCivic Medical Provider Dr. Derek Burnette, Mercy Gilbert Hospital Surgeon Dr. Ju, CoreCivic Medical, and Mercy Gilbert Hospital.  Plaintiff seeks money damages.

In **Count One**, Plaintiff alleges he received inadequate medical care, in violation of the Eighth and Fourteenth Amendments.  Plaintiff claims that while housed in the Mohave County Jail from 2018 to 2020, he was diagnosed with a left testicular hernia but was not given treatment.  In April 2020, the intake physician at the Arizona State Prison Complex-Alhambra examined Plaintiff and told him, "your hernia is out of the rupture and the rupture is two years old, you will need surgery soon." (Doc. 1 at 3.)  Plaintiff was transferred to the Red Rock Correctional Center (RRCC).  On May 2, 2020, he was examined by Defendant Burnette who "acknowledged by medical records that [Plaintiff's] condition/hernia was 2 [years] old and out of rupture." (*Id.* at 4.)  Defendant Burnette told Plaintiff that he would recommend Plaintiff see a specialist "soon" and would check on Plaintiff monthly.  Plaintiff claims Defendant Burnette failed to call Plaintiff back to check on his condition for "the rest of 2020 and half of 2021." (*Id.*)

In June or July 2021, Plaintiff was taken to see Defendant Ju for a consultation.  Defendant Ju examined the hernia and asked Plaintiff how old the hernia was; Plaintiff replied, "3 years." (*Id.*)  Defendant Ju said that was "medical neglect" and that surgery "should have been done 2 [years] ago." (*Id.*)  Plaintiff told Defendant Ju that he had trouble urinating and defecating, was experiencing gas pressure, and experienced some incontinence. (*Id.*)  Defendant Ju recommended surgery as soon as possible. (*Id.* at 5.)

In July 2022, Plaintiff filed a Health Needs Request (HNR) and was seen by Dr. Rodriguez.  Plaintiff explained that Defendant Ju had recommended surgery the previous year, that Plaintiff had not been scheduled for surgery or checked on for a year, and informed Rodriquez of his ongoing symptoms and that his urine now had a bad smell and he had a rash.  (*Id.* at 4-5.)  Rodriquez examined Plaintiff and said he would "talk to Dr. Sheleg and to Mr. Burnette and we will get you back to see the specialist" and informed Plaintiff that he would test Plaintiff's urine for signs of infection (*Id.*)  Plaintiff was called to medical about one week later for blood and urine testing.  (*Id.*)  Plaintiff was later informed he had a "bad bladder infection" and was prescribed 10 days of antibiotics, after which he was scheduled to see Defendant Ju.

On August 9, 2022, Plaintiff was taken for another examination with Defendant Ju. Defendant Ju said Plaintiff should have had surgery "3 years ago," and "was upset." Defendant Ju told Plaintiff he would strongly recommend surgery and "might even call Mr. Burnette [himself]."  (*Id.* at 7.)  Defendant Ju told his "practitioner trainee [that] there is a great possibility there is going to be damage and possible injuries when I do surgery on Mr. Allison." (*Id.* at 8.)

In September 2022, Plaintiff was approved for surgery.  Plaintiff did not receive surgery until March 2, 2023.  (*Id.*)

**In Count Two**, Plaintiff alleges Defendant Ju denied him adequate medical care in violation of the Eighth and Fourteenth Amendments.  Plaintiff claims that on March 2, 2023, he was taken to Mercy Gilbert Hospital for surgery.  Defendant Ju performed the surgery and during the operation, discovered extensive injuries in the area of the hernia, a serious naval umbilical hernia, and a serious abdominal rupture that resulted in Plaintiff's small intestines becoming wrapped around the colon.  (*Id.* at 8.)  While attempting to unwrap the small intestines from the colon, Defendant Ju placed Plaintiff on his side.  (*Id.*) However, Defendant Ju did not properly secure Plaintiff to the table and failed to notice that Plaintiff was sliding off the table.  (*Id.* at 9.)  A security officer sitting in the operating room witnessed Plaintiff slide off the operating table onto the floor and hit his head.  (*Id.*)

The impact from the fall caused the newly repaired naval umbilical incision to "burst open and [Plaintiff's] stomach [and] intestines shot out on the [operating room] floor" resulting in "exposure to a[n] O/R bacterium or pathogen" and a "facture of the lower back disk and re-injuring [of the] naval [u]mbilical repair." (*Id.*) Plaintiff contracted a stomach infection "from the inside out" and had to have additional surgeries. (*Id.*) Plaintiff was hospitalized for 18 days, during which he experienced "lung problems, bowel problems, blood oxygen problems [and he] did not eat for 14 days." (*Id.*) He also suffered extreme pain, was unable to eat, and was shackled to the bed except when he was required to walk twice per day, also in shackles. Plaintiff alleges the hospital did not tell him he had a "fractured back disk." (*Id.* at 10.)

On March 20, 2023, Plaintiff was informed that he would be discharged, despite doctors' concern about Plaintiff's continuing health problems including a blood oxygen level of 86%, very little "activeness in [Plaintiff's] stomach," and his lack of a bowel movement for 18 days. (*Id.*) Plaintiff was informed that he was not ready for discharge under the hospital's standards but that "ADOC, CoreCivic Medical went against hospital doctors' warnings not to discharge [Plaintiff] early because [he] still (had) concerning health problems" and "needed one more week under hospital's care." (*Id.*)

Less than 10 days after Plaintiff's discharge from the hospital, his naval umbilical wound became infected "due to . . . CoreCivic Medical not caring for [the] wound properly and not removing staples or re[ten]tion wire." (*Id.* at 11.) Plaintiff returned to Mercy Gilbert Hospital and was admitted from March 29 - 31, 2023. A doctor at the hospital told Plaintiff the staples and retention wire would have to come out and asked Plaintiff why CoreCivic had not already taken them out. (*Id.*) The doctor removed the staples and wire. (*Id.*)

Two weeks after his second discharge from Mercy Gilbert Hospital, Plaintiff noticed a knot "and big shaped lump under [the] incision of the testicular hernia repair" and felt pressure. (*Id.* at 11.) On May 2, 2023, Plaintiff was seen by Defendant Burnette at which time Plaintiff reported his problems with surgery and requested a follow-up with

Defendant Ju to examine the knot because Defendant Ju told him that if he had any pressure in the surgical areas or anything that felt uncomfortable, he should report it to RRCC doctors. Defendant Burnette told Plaintiff that the swelling should go down in time, and Plaintiff explained it was not swelling and that it "did not feel right." (*Id.* at 12.) Defendant Burnette told Plaintiff that Defendant Ju had only been contracted to do the hernia repair. (*Id.*)

On May 16, 2023, Plaintiff submitted an HNR for "help . . . coping with hospital surgery/ordeal and new surgery problems." Doctor Irwin diagnosed Plaintiff with PTSD and set up weekly therapy. (*Id.* at 13.) On June 28, 2023, Plaintiff submitted an HNR "for knot and long shaped lump progressing – pressure and sharp pain." (*Id.*) On July 8, 2023, Plaintiff was examined by a "coordinator aid" and on August 9, 2023, he had an appointment with Defendant Ju. Defendant Ju examined Plaintiff and said the lump was swelling that would resolve in time and the "knot" was a "cap" used to "pin down the repair mesh and to reenforce the large rupture." (*Id.*) Plaintiff also asked Defendant Ju for the surgery report and claims Defendant Ju "seemed upset when [Plaintiff] ask[ed] for the copy." (*Id.*) Defendant Ju told Plaintiff to ask Mr. Burnette for the report and said, "I did everything I could for you." (*Id.*)

On September 24, 2023, Plaintiff submitted an HNR requesting to view his medical records. (*Id.* at 14.) Plaintiff "viewed [approximately] 300 pages of medical records," but Defendant Doctor Ju's March 2nd 2023 surgery report was not in the records. (*Id.*) In the next year, Plaintiff had 14 more encounters "concerning surgery problems with doctors . . ., PAs and RN[s] . . . and outside specialist etc." (*Id.*)

On September 3, 2024, Plaintiff had an outside specialist appointment with Dr. Gray because Defendant Ju no longer worked in that office. Dr. Gray examined the "cap" and Plaintiff relayed his conversation with Defendant Ju about the "cap." (*Id.*) Dr. Gray said he did not know what a cap was, but that it did not "belong there." (*Id.* at 15.) Dr. Gray also diagnosed Plaintiff with a new hernia above the repaired naval hernia and recommended corrective and exploratory surgery and an immediate scan to prepare for

surgery.  On November 8, 2024, Plaintiff was transported to a Phoenix hospital for a CAT scan.  The CAT scan revealed "2 blockages in naval area" and "a serious back-disk fracture." (*Id.*)  That same day, Plaintiff was rushed from RRCC to the emergency room in Casa Grande, where Plaintiff explained his medical history to the doctor.  The doctor said they could do surgery "right now," but Plaintiff asked the surgeon to call Dr. Gray. (*Id.* at 17.)  The surgeon "push[ed] and massage[d the] hard breeched intestine and push[ed] it back in," relieving Plaintiff's pain.  (*Id.*)  The surgeon said that Dr. Gray would do the surgery soon and Plaintiff was discharged from the emergency room and taken back to RRCC.  (*Id.*)

In **Count Three**, Plaintiff alleges "these incidents caused [him] to have mental and physical-[psychological] problems to the point of needing therapy."  Plaintiff claims that "many times" he submitted HNRs "for treatment and to go back to see surgeon Doctor Ju," but "no action was taken."  (*Id.* at 18.)  He asserts "both hernias progressed in size for 23 months."  According to Plaintiff, Dr. Gray determined the March 2, 2023 surgery to be malpractice and determined that corrective and exploratory surgery [was] needed ASAP." (*Id.* at 18.)

**IV.    Failure to State a Claim**

    **A.    Counts One and Two**

To state a § 1983 medical claim, a plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

"Deliberate indifference is a high legal standard."  *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure

to respond to a prisoner's pain or possible medical need and harm caused by the indifference. *Jett*, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Jett*, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer*, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. Cal. Dep't of Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. *See Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105.

### 1. Count One

In Count One, Plaintiff alleges Defendant Burnette violated his Eighth Amendment rights when he failed to timely schedule Plaintiff's hernia surgery and failed to monitor him or schedule an outside consultation for a little more than a year. Plaintiff has not alleged Defendant Burnette acted with more than negligence in failing to schedule the outside consultation. Plaintiff does not allege whether he was receiving any medical treatment during this time or whether, during that year, he followed-up with Defendant Burnette regarding the status of the consultation or requested that Defendant Burnette schedule the consultation. Similarly, it is unclear whether Defendant Burnette was responsible for the delay in scheduling Plaintiff's hernia surgery after Plaintiff's July 2022 consultation with Defendant Ju; Plaintiff alleges only that a year after the consultation, he

filed a Health Needs Request, after which he was seen by another doctor who then initiated the process for scheduling surgery for Plaintiff. Plaintiff states he was approved for surgery in September 2022, but did not receive surgery for another six months, but does not allege the delay was the result of a named Defendant's actions. Plaintiff has therefore failed to state a claim in Count One.

### 2.    Count Two

In Count Two, Plaintiff alleges he was injured when, during the hernia repair surgery, Defendant Ju failed to secure Plaintiff to the operating table and Plaintiff slid from the table to the floor, resulting in Plaintiff suffering an infection and injuries to his head and back. Plaintiff also alleged Defendant Ju placed a "cap" as part of the hernia repair, which another doctor said "did not belong there." Plaintiff's allegations, while serious, are not sufficient to state a deliberate indifference claim. Plaintiff's allegations suggest, at most, that Defendant Ju was negligent or may have committed medical malpractice. However, negligence and medical malpractice do not constitute deliberate indifference. *See Broughton*, 622 F.2d at 460 (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). Plaintiff has therefore failed to state a claim in Count Two.

### B.    Count Three

Plaintiff's allegations in Count Three describe additional injuries he suffered as a result of the incidents in Counts One and Two, but do not raise separate claims for relief. The Court will therefore dismiss Count Three as duplicative.

### C.    Defendant CoreCivic Medical

Defendant CoreCivic Medical is not a proper Defendant. The CoreCivic Medical Department is simply an administrative creation of CoreCivic and is not a "person" amenable to suit pursuant to § 1983. Even if Plaintiff had named CoreCivic as a Defendant, Plaintiff would fail to state a claim against CoreCivic. To state a claim under § 1983 against a private entity performing a traditional public function, such as providing medical care to prisoners, a plaintiff must allege facts to support that his constitutional rights were

violated as a result of a policy, decision, or custom promulgated or endorsed by the private entity. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138-39 (9th Cir. 2012); *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997) (per curiam). A plaintiff must allege the specific policy or custom and how it violated his constitutional rights. A private entity is not liable merely because it employs persons who allegedly violated a plaintiff's constitutional rights. *See Tsao*, 698 F.3d at 1139; *Buckner*, 116 F.3d at 452.

Plaintiff does not allege that any of the conduct described in the Complaint was the result of a specific policy or custom of Defendant CoreCivic. Thus, the Court will dismiss without prejudice Defendant CoreCivic.

To the extent Plaintiff claims specific CoreCivic medical staff were deliberately indifferent to his serious medical needs, Plaintiff has not identified and named those individuals as Defendants.

### D.   Defendant Mercy Gilbert Hospital

Defendant Mercy Gilbert Hospital is also a private entity. Plaintiff has not alleged facts showing his injuries resulted from a policy or custom of Defendant Mercy Gilbert Hospital and therefore fails to state a claim against this Defendant.

## V.   Leave to Amend

For the foregoing reasons, the Court will dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count.

A first amended complaint supersedes the original Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff must repeat this process for each person he names as a Defendant. If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim. **Conclusory allegations that a Defendant or group of Defendants has violated a constitutional right are not acceptable and will be dismissed**.

Plaintiff should note that to the extent he intends to bring a medical malpractice claim under Arizona law in addition to § 1983 claims, he must do so by invoking this Court's supplemental jurisdiction in the "Jurisdiction" section of the court-approved form.[1]

---

[1] Under 28 U.S.C. § 1367(a), a federal district court, like this Court, has supplemental jurisdiction over state law claims in any civil action in which the district court also has original federal jurisdiction over other claims in the case. But a federal court's exercise of supplemental jurisdiction over a state law claim under § 1367(c) is discretionary. *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Moreover, the Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). In this case, Plaintiff's Eighth Amendment claims are the basis for this Court's original jurisdiction.

To state a claim for medical malpractice, a plaintiff must allege that "(1) "[t]he health care provider failed to exercise that degree of care, skill and learning expected of a reasonable, prudent health care provider in the profession or class to which he belongs within the state acting in the same or similar circumstances," and (2) "[s]uch failure was a proximate cause of the injury." *Windhurst v. Arizona Dep't of Corr.*, 536 P.3d 764, 769–70 (Ariz. 2023); Ariz. Rev. S. § 12-563; *see also Baker v. Univ. Physicians Healthcare*, 296 P.3d 42, 47 (Ariz. 2013) ("In medical malpractice cases, plaintiffs must show that a health care provider breached the appropriate standard of care and the breach resulted in injury.").

## VI.    Motion for Appointment of Counsel

Plaintiff requests that the Court appoint counsel to represent him in this case because he is unable to afford counsel, he has ongoing medical issues, and the issues in the case are complex and will involve substantial investigation and discovery.

There is no constitutional right to the appointment of counsel in a civil case. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 269 (9th Cir. 1982). In proceedings in forma pauperis, the court may request an attorney to represent any person unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issue involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not appear at this time that exceptional circumstances are present that would require the appointment of counsel in this case. Plaintiff is in no different position than many pro se prisoner litigants. Accordingly, the Court will deny without prejudice Plaintiff's Motion for Appointment of Counsel.

---

Because these claims are being dismissed with leave to amend, if Plaintiff asserts a medical malpractice claim in an amended complaint, he must *also* assert a claim for violation of a constitutional right before this Court may exercise supplemental jurisdiction over any state law claim.

## VII.    Warnings

### A.    Release

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a *non*-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

### B.    Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C.    Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### D.    Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

. . . .

**IT IS ORDERED:**

(1)    Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.

(2)    As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $79.58.

(3)    Plaintiff's Motion for Appointment of Counsel (Doc. 6) is **denied** without prejudice.

(4)    The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(5)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and deny any pending unrelated motions as moot.

(6)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 11th day of June, 2025.


James A. Teilborg
Senior United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.   The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.   These complaints typically concern, but are not limited to, conditions of confinement.   **This form should not be used to challenge your conviction or sentence**.   If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.4 provides that complaints by incarcerated persons must be filed on the court-approved form.**   The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3.  <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing and Administrative Fees</u>.   The total fees for this action are $405.00 ($350.00 filing fee plus $55.00 administrative fee).   If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.   Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6.  <u>Where to File</u>.   You should file your complaint in the division **where you were confined when your rights were allegedly violated**.   *See* LRCiv 5.1(a) and 77.1(a).   If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.   If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.   **Unless you are an inmate housed at an Arizona Department of Corrections facility that participates in electronic filing, mail the original and one copy of the complaint with the $405 filing and administrative fees or the application to proceed in forma pauperis to:**

Revised 11/6/24

<u>Phoenix & Prescott Divisions</u>:  **OR**  <u>Tucson Division</u>:
U.S. District Court Clerk                     U.S. District Court Clerk
U.S. Courthouse, Suite 130                    U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10            405 West Congress Street
Phoenix, Arizona   85003-2119                 Tucson, Arizona   85701-5010

7.   <u>Change of Address</u>.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.   <u>Certificate of Service</u>.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**
A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this _____ (month, day, year) to:
Name:   _____
Address:_____
              Attorney for Defendant(s)

_____
(Signature)

9.   <u>Amended Complaint</u>.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint. LRCiv 15.1(a)(2).   **Any allegations or defendants not included in the amended complaint are considered dismissed.**   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.   <u>Exhibits</u>.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.   <u>Letters and Motions</u>.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.   <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

1.   <u>Your Name</u>.   Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.   <u>Defendants</u>.   If there are **four or fewer** defendants, print the name of each.   If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.   Insert the additional page after page 1 and number it "1-A" at the bottom.

3.   <u>Jury Demand</u>.   If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."   Failure to do so may result in the loss of the right to a jury trial.   A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

1.   <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."   If you mark "other," identify the source of that authority.

2.   <u>Location</u>.   Identify the institution and city where the alleged violation of your rights occurred.

3.   <u>Defendants</u>.   Print all of the requested information about each of the defendants in the spaces provided.   If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.   Print all of the requested information about each lawsuit in the spaces provided.   If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.   You must identify which civil right was violated.   **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.   Check the box that most closely identifies the issue involved in your claim.   **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.   After you have identified which civil right was violated, you must state the supporting facts.   Be as specific as possible.   You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.   State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.   You must exhaust any available administrative remedies before you file a civil rights complaint.   *See* 42 U.S.C. § 1997e.   Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

4

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)


            Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

         Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

**CASE NO.** _____
          (To be supplied by the Clerk)


**CIVIL RIGHTS COMPLAINT
BY A PRISONER**


☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.  JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
        ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
        ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
        ☐ Other: _____.

2.    Institution/city where violation occurred: _____.

**550/555**

## B.   DEFENDANTS

1.   Name of first Defendant: _____ .   The  first  Defendant  is  employed
as: _____ at _____ .
        (Position and Title)                                    (Institution)

2.   Name of second Defendant: _____ .   The second Defendant is employed as:
as: _____ at _____ .
        (Position and Title)                                    (Institution)

3.   Name of third Defendant: _____ .   The  third  Defendant  is  employed
as: _____ at _____ .
        (Position and Title)                                    (Institution)

4.   Name of fourth Defendant: _____ .   The  fourth  Defendant  is  employed
as: _____ at _____ .
        (Position and Title)                                    (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.   PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.   If yes, how many lawsuits have you filed? _____ .   Describe the previous lawsuits:

   a.   First prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____ .
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?) _____
           _____ .

   b.   Second prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____ .
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?) _____
           _____ .

   c.   Third prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____ .
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?) _____
           _____ .

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____
_____ .

2.    **Count I**.   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities            ☐ Mail                    ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings     ☐ Property                ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety   ☐ Other: _____ .

3.    **Supporting Facts.**   State as briefly as possible the FACTS supporting Count I.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

4.    **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).
_____
_____ .

5.    **Administrative Remedies:**
a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                ☐ Yes      ☐ No
b.    Did you submit a request for administrative relief on Count I?           ☐ Yes      ☐ No
c.    Did you appeal your request for relief on Count I to the highest level?   ☐ Yes      ☐ No
d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
_____ .

3

**COUNT II**

1.    State the constitutional or other federal civil right that was violated:  _____

_____.

2.    **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail              ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion          ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.    **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____.

5.    **Administrative Remedies.**
     a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                               ☐ Yes        ☐ No
     b.    Did you submit a request for administrative relief on Count II?        ☐ Yes        ☐ No
     c.    Did you appeal your request for relief on Count II to the highest level?   ☐ Yes        ☐ No
     d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
     _____.

4

**COUNT III**

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count III.**    Identify the issue involved.    Check **only one**.    State additional issues in separate counts.
☐ Basic necessities               ☐ Mail               ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings    ☐ Property        ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer    ☐ Threat to safety    ☐ Other: _____.

3.    **Supporting Facts.**    State as briefly as possible the FACTS supporting Count III.    Describe exactly what **each Defendant** did or did not do that violated your rights.    State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**    State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies.**
    a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                                  ☐ Yes          ☐ No
    b.    Did you submit a request for administrative relief on Count III?          ☐ Yes          ☐ No
    c.    Did you appeal your request for relief on Count III to the highest level?    ☐ Yes          ☐ No
    d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.    _____
         _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on  _____        _____
                         DATE                                  SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)



_____
(Signature of attorney, if any)



_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.