KM

WO

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Francis William Allison,

          Plaintiff,

v.

Derek Burnette, et al.,

          Defendants.

No.    CV-25-00653-PHX-JAT (MTM)

**ORDER**

Self-represented Plaintiff Francis William Allison, who is confined in the Red Rock Correctional Center and proceeding in forma pauperis, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. The Court dismissed the Complaint with leave to amend. Pending before the Court is Plaintiff's First Amended Complaint (Doc. 11). The Court will dismiss the First Amended Complaint and this action.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does

not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe [self-represented litigant's] filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a self-represented prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

## II.    First Amended Complaint

In his two-count First Amended Complaint, Plaintiff sues CoreCivic medical provider Dr. Derek Burnette and Mercy Gilbert Hospital surgeon Dr. Ju. Plaintiff seeks monetary damages.

In Count One, Plaintiff claims Defendant Burnette violated his Eighth and Fourteenth Amendment rights by failing to provide Plaintiff with adequate medical care. Plaintiff alleges that on May 2, 2020, Defendant Burnette conducted Plaintiff's initial health check for admission at Red Rock Correctional Center. Defendant Burnette read Plaintiff's medical file and noted Plaintiff had a large testicular hernia, approximately the size of a grapefruit, that had ruptured two years previously and was progressing. The hernia

affected Plaintiff's "bodily functions such as bladder, urination, digesti[on], defecating, and [caused] gas problems." Defendant Burnette told Plaintiff he would recommend Plaintiff for surgery and that Plaintiff would see a surgeon "soon." Plaintiff alleges Defendant Burnette "did not take action," and failed to submit the surgery request "for consideration for approval or denial in a timely manner." Plaintiff waited four years and six months for surgery. Because of the delay, Plaintiff had to have four surgeries "and one [is] still pending." Plaintiff asserts Defendant Burnette's inaction constituted deliberate indifference to Plaintiff's serious medical condition and caused Plaintiff "great pain and suffering [because] it's been over 4.6 years [since] his inaction from 2020."

In Count Two, Plaintiff alleges Defendant Ju violated his Fourteenth Amendment rights. Plaintiff contends that on March 2, 2023, Defendant Ju performed Plaintiff's hernia repair surgery at Mercy Gilbert hospital. During the surgery, Defendant Ju discovered an umbilical hernia and a "lower GI trac[t] stomach section rupture." Defendant Ju placed Plaintiff on his side in order perform the additional surgical repairs, but did not secure Plaintiff to the operating table. As a result, Plaintiff slipped off the table; his umbilical incision burst open and his stomach and intestines fell on the floor, causing Plaintiff to contract sepsis; and Plaintiff suffered a "lower back disc fracture." Plaintiff spent 18 days hospitalized in the intensive care unit as a result of his injuries.

### III.    Failure to State a Claim

To state a § 1983 medical claim, a plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. *Jett*, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Jett*, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer*, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. Cal. Dep't of Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. *See Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105.

### A.      Count One

In Count One, Plaintiff alleges Defendant Burnette was deliberately indifferent to Plaintiff's serious medical needs by failing to timely schedule Plaintiff's hernia surgical consultation for more than four years. These allegations are insufficient to state a claim because Plaintiff's facts suggest, at most, that Defendant Burnette may have been negligent in failing to schedule the outside surgical consultation. Plaintiff does not allege whether or what medical treatment he received in the intervening four years or whether, during that time, he followed-up with Defendant Burnette regarding the status of the consultation or requested that Defendant Burnette schedule the consultation. Plaintiff has therefore failed to state a claim in Count One.

**B.    Count Two**

In Count Two, Plaintiff alleges he was injured when, during the hernia repair surgery, Defendant Ju failed to secure Plaintiff to the operating table and Plaintiff slid from the table to the floor, resulting in Plaintiff suffering an infection and injuries to his back. Plaintiff's allegations, while serious, are not sufficient to state a deliberate indifference claim. Plaintiff's allegations suggest, at most, that Defendant Ju was negligent or may have committed medical malpractice. However, negligence and medical malpractice do not constitute deliberate indifference. *See Broughton*, 622 F.2d at 460 (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). Plaintiff has therefore failed to state a claim in Count Two.

**IV.    Dismissal without Leave to Amend**

Because Plaintiff has failed to state a claim in his First Amended Complaint, the Court will dismiss his First Amended Complaint. Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a). "The court considers five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (citing *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)). The Ninth Circuit in *Corinthian Colleges* explained that leave to amend is not warranted unless the deficiencies "can be cured with additional allegations that are 'consistent with the challenged pleading' and that do not contradict the allegations in the original complaint," 655 F.3d at 955 (quoting *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296–97 (9th Cir. 1990)). In addition, "[l]eave to amend may be denied when a plaintiff has demonstrated a 'repeated failure to cure deficiencies by amendments previously allowed.'" *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1183 (9th Cir. 2016) (quoting *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)) (emphasis added); *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004) (a district court's discretion to deny leave to amend is "particularly broad" where the

plaintiff has previously amended his complaint) (quoting *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002)).

The Court notified Plaintiff of the deficiencies of the claims he raised in the original Complaint. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (noting that a pro se plaintiff is generally entitled to notice of the deficiencies of his claims and an opportunity to amend). Plaintiff has had an opportunity to amend his claims but has alleged essentially the same facts as alleged in his original Complaint. The Court finds that further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's First Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1)    The First Amended Complaint (Doc. 11) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(2)    The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(3)    The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and finds Plaintiff may appeal in forma pauperis.

Dated this 9th day of April, 2026.

James A. Teilborg
Senior United States District Judge